# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHT STREET CAPITAL MANAGEMENT, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**LIGHT STREET CAPITAL MANAGEMENT LLC**, a Nevada limited liability company, **LIGHT STREET INVESTMENTS LLC**, a Nevada limited liability company, and **LIGHT STREET VENTURES LLC**, an Illinois limited liability company,<br><br>Defendants. | Civil Action No. _____<br><br>Demand for Jury Trial |

## COMPLAINT

Plaintiff Light Street Capital Management, LLC, a Delaware limited liability company ("Light Street"), by and through undersigned counsel, for its complaint against Light Street Capital Management LLC ("LSCM"), Light Street Investments LLC ("LSI"), and Light Street Ventures LLC ("LSV") (collectively, "Defendants"), states as follows:

## PARTIES

1. Plaintiff Light Street Capital Management, LLC is a Delaware limited liability company having its principal place of business at 505 Hamilton Avenue, Suite 110, Palo Alto, California 94301.

2. Defendant Light Street Capital Management LLC is a Nevada limited liability company having its principal place of business at 1935 North Sawyer Avenue, Unit 1S, Chicago, Illinois 60647.

3. Defendant Light Street Investments LLC is a Nevada limited liability company having its principal place of business at 1935 North Sawyer Avenue, Unit 1S, Chicago, Illinois 60647.

4. Defendant Light Street Ventures LLC is an Illinois limited liability company having its principal place of business at 1935 North Sawyer Avenue, Unit 1S, Chicago, Illinois 60647.

5. On information and belief, Defendants are all owned by an Illinois resident named Fahad Qayumi.

## NATURE OF THE CASE

6. This is a complaint for damages and injunctive relief against Defendants for trademark infringement, unfair competition, and deceptive trade practices. This complaint arises under 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510), federal common law, and state common law, including the law of Illinois.

## JURISDICTION AND VENUE

7. This Court has jurisdiction because (1) this is an action arising under the federal Lanham Act, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Jurisdiction for the claims made under Illinois state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

8. This Court has personal jurisdiction over Defendants because they maintain their principal place of business in the State of Illinois, and Defendant LSV is organized under the law of Illinois. Defendants reside in this District and have engaged in, and continue to engage

in, acts of trademark infringement, unfair competition, and deceptive trade practices in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants all reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

**LIGHT STREET'S OWNERSHIP AND USE OF THE LIGHT STREET TRADEMARK**

10. Light Street is a financial services company that invests globally in public and private equity markets with a focus on the technology and media sectors.

11. Since at least as early as 2010, and continuously since that time, Light Street has been offering investment management services under the LIGHT STREET trademark. Light Street offers services to investors around the country, including in Chicago, Illinois, where Defendants are located.

12. Light Street advises or has advised at least 20 investment vehicles that invest in late stage growth companies.

13. Light Street owns a federal trademark registration with the U.S. Patent and Trademark Office ("USPTO") for the LIGHT STREET trademark covering "financial services, namely, hedge fund investment services, investment advisory services, investment management services, financial asset management services, private equity investment services, investment consultation, and investment of funds for others" (Reg. No. 5,212,320) ("LIGHT STREET Registration"). A true and correct copy of a print-out from the USPTO's TSDR system showing the current status and title of the LIGHT STREET Registration is attached hereto as Exhibit 1.

14. The LIGHT STREET Registration is prima facie evidence of the validity of the LIGHT STREET trademark, the registration of the mark, Light Street's ownership of the mark, and Light Street's exclusive right to use the mark in connection with the financial services covered by the registration. 15 U.S.C. § 1115(a).

**DEFENDANTS' INFRINGEMENT OF THE LIGHT STREET TRADEMARK**

15. Defendants are financial services companies operating under the LIGHT STREET trademark.

16. Defendants operate a website located at https://lightstreetinvestments.com/.

17. Defendants' use of the LIGHT STREET mark is without Light Street's consent.

18. Light Street and Defendants both focus on investments in the technology industry.

19. Upon information and belief, Defendants invest in late stage growth companies, as Light Street also does.

20. Light Street and Defendants invest in some of the same companies, including Uber, Spotify, and Pinterest. Each of these companies is listed on Defendants' website under the "Portfolio" link. A true and correct copy of this page of Defendants' website is attached hereto as Exhibit 2.

21. Light Street's use of the LIGHT STREET mark pre-dates Defendants' use of the mark.

**DEFENDANTS' PETITION TO CANCEL THE LIGHT STREET REGISTRATION**

22. On May 22, 2022, Defendants filed a petition to cancel the LIGHT STREET Registration with the USPTO's Trademark Trial and Appeal Board (Cancellation No. 92,079,816). A true and correct copy of the Petition to Cancel is attached hereto as Exhibit 3 ("Petition").

23. The Petition is based on a likelihood of confusion between the mark covered by the LIGHT STREET Registration and Defendants' purported common law rights in the LIGHT STREET mark.

24. In the Petition, Defendants admitted that the parties' marks "so resemble" one another that continued use by both parties is "likely to cause confusion, mistake, and deception as to the source or origin" of the parties' services. Petition, ¶ 10.

25. Defendants also admitted that the parties' services are "nearly identical" and that both parties "operate financial and investment companies offering similar services." *Id.*, ¶ 12.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

26. Plaintiff re-alleges paragraphs 1 – 25, as if fully set forth herein.

27. Defendants' use of the LIGHT STREET mark in connection with advertising, promoting, offering for sale, and selling investment services is likely to cause confusion, mistake, or deception as to the source, sponsorship and affiliation of Defendants and Defendants' investment services.

28. Defendants' aforesaid acts constitute infringement of Plaintiff's registered LIGHT STREET mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION
## UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

30. Plaintiff re-alleges paragraphs 1 – 25, as if fully set forth herein.

31. Defendants' use of the LIGHT STREET mark is likely to cause confusion, mistake, or deception, in that purchasers and others are likely to assume that Defendants' investment services are Plaintiff's LIGHT STREET investment services, or that they are sponsored by, or connected or affiliated with, Plaintiff or its LIGHT STREET investment services.

32. Defendants' aforesaid acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

**COUNT III**
**DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILL. COMP. STAT. § 510/1** *et seq.*

34. Plaintiff re-alleges paragraphs 1 – 25 as if fully set forth herein.

35. Defendants' adoption and use of the LIGHT STREET mark constitutes deceptive trade practices, as described in 815 ILCS 510/2(a), in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq*.

36. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

**COUNT IV**
**UNFAIR AND DECEPTIVE PRACTICES**
**UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILL. COMP. STAT. § 505/1** *et seq.*

37. Plaintiff re-alleges paragraphs 1 – 25 as if fully set forth herein.

38. Defendants' acts, as described above, constitute deceptive trade practices in violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

39. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

## COUNT V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER ILLINOIS COMMON LAW

40. Plaintiff re-alleges paragraphs 1 – 25 as if fully set forth herein.

41. Defendants' use of the LIGHT STREET mark is likely to cause confusion, mistake, or deception, in that purchasers and others are likely to assume that Defendants' investment services are Plaintiff's LIGHT STREET investment services, or that they are sponsored by, or connected or affiliated with, Plaintiff or its LIGHT STREET investment services.

42. Defendants' aforesaid acts constitute trademark infringement of Plaintiff's LIGHT STREET trademark and unfair competition, in violation of Illinois common law.

43. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for a judgment:

A. Permanently enjoining and restraining Defendants, its respective members, managers, officers, agents, employees, representatives, attorneys and all others acting in concert

-8-

or participation with any of them, including but not limited to all subsidiaries, affiliates, and licensees of Defendants, from:

(i) using the LIGHT STREET mark or any name or mark that is similar thereto, on or in connection with the offering, promotion, marketing or sale of financial services;

(ii) using any other trademark, service mark, corporate or trade name, domain name, logo or design that tends falsely to represent, or is likely to confuse, mislead or deceive consumers to believe that goods or services promoted, sold and/or offered for sale by Defendants originate from Light Street, or that said goods or services have been sponsored, approved, licensed by, or are in some way connected or affiliated with Light Street;

(iii) doing any other act or thing likely to induce the belief that Defendants' business, products or services are in any way connected with Light Street's business, products or services, or are sponsored, approved, licensed by, or are in some way connected or affiliated with Light Street; and

(iv) registering, applying to register, or maintaining any application to register any names, words, designations or symbols consisting of, incorporating, in whole or in part, the elements "LIGHT STREET" or otherwise confusingly similar to the LIGHT STREET mark; and

    B. Directing Defendants to:

(i) account for and pay over to Light Street all profits derived from its acts of trademark infringement and unfair competition, in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, and that the profits award be trebled in accordance with 15 U.S.C. § 1117(a);

(ii) pay to Light Street all damages it has suffered as a result of Defendants' trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a), and the laws of Illinois, as well as treble the amount of all damages incurred by Light Street by reason of these acts in accordance with 15 U.S.C. § 1117(a);

(iii) pay to Light Street damages and restitution in accordance with the common laws of Illinois, on account of all loss, damage and injury caused by Defendants' acts;

(iv) pay to Light Street the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the laws of Illinois;

(v) deliver up for destruction all advertisements and promotional or other materials in Defendants' possession or under its control bearing the LIGHT STREET mark or any other trademarks confusingly similar thereto in accordance with 15 U.S.C. § 1118; and

(vi) file with the Court and serve on Light Street an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

C. Awarding Light Street such further relief as this Court deems just and equitable.

Respectfully Submitted,

Date: April 26, 2023   /Phillip Barengolts/

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Phillip Barengolts
Jessica A. Ekhoff
Jacquelyn R. Prom
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: 312-554-8000

pb@pattishall.com
jae@pattishall.com
jrp@pattishall.com

*Attorneys for Light Street Capital Management, LLC*